UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROBERT CURTIS TEALL, | |
|---|---|
| Plaintiff, | No. C09-565Z |
| v. | ORDER |
| ELDON VAIL, | |
| Defendant. | |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James P. Donohue, docket no. 13, recommending that the petition for writ of habeas corpus in this matter be denied and that this case be dismissed with prejudice. Petitioner Robert Curtis Teall has not filed objections to the R&R, but has instead submitted a letter asking the Court to appoint counsel. Petitioner's letter, docket no. 14, was treated as a motion and noted for October 9, 2009. Respondent Eldon Vail filed no response to petitioner's motion for appointment of counsel. Having now reviewed the habeas petition, the R&R, the portions of the state court record supplied by respondent, docket nos. 11 & 12, and petitioner's motion for appointment of counsel, the Court enters the following order.

ORDER - 1

**Discussion**

In May 2006, a jury found petitioner guilty of three counts of Rape of a Child in the First Degree, one count of Child Molestation in the First Degree, and one count of Distribution of Methamphetamine to a Person Under Age Eighteen in Violation of the Uniform Controlled Substances Act ("VUCSA"). *See* Judgment and Sentence, Exh. 1 (docket no. 12). Petitioner unsuccessfully appealed his conviction, and he collaterally challenged it in a personal restraint petition ("PRP"). He did not, however, move for discretionary review of the dismissal of his PRP.

Petitioner now seeks relief under 28 U.S.C. § 2254, raising seven different grounds. Petitioner claims that his due process rights were violated when (1) an omnibus hearing was conducted in his absence; (2) a CrR 3.5 hearing was conducted in his absence; (3) the judges presiding over his case were switched without his consent; (4) his appointed counsel was changed without his consent; (5) his request for an expert witness and independent laboratory testing was denied; and (6) the State allegedly failed to prove every element of the crimes charged. Petitioner also asserts that his double jeopardy rights were violated when (7) a witness (petitioner's former stepdaughter, Becky Hensen) was permitted to testify about acts of sexual abuse that occurred before 1986, as to which a previous criminal conviction had been reversed on procedural grounds.

On direct appeal of his conviction, petitioner had presented challenges similar to those now raised in Grounds 6 and 7 of his habeas petition. The Washington Court of Appeals rejected both assignments of error, concluding that the evidence was sufficient to prove petitioner had provided methamphetamine to the victim, even though no substance was ever found or tested and the victim's hair had tested negative for methamphetamine, and that the trial court did not abuse its discretion when it allowed Ms. Hensen to testify about petitioner's prior acts, even though the sexual abuse had occurred more than 20 years earlier and the related conviction had been overturned. *See State v. Teall*, 2007 WL 3348438

ORDER - 2

(Wash. Ct. App.). With respect to the current habeas petition, the R&R concludes that petitioner exhausted Ground 6, in part, as to the VUCSA count, but not Ground 7, which relates to Ms. Hensen's testimony. As to such testimony, the R&R distinguishes between the evidentiary basis on which petitioner relied in his direct appeal and the double jeopardy theory advanced in both his PRP and his habeas petition. *See* R&R at 7 n.2 (docket no. 13); PRP at 6, ¶ 7, Exh. 7 (docket no. 12). On collateral review, however, the Court of Appeals saw no difference, ruling that petitioner was "not justified" in, and therefore precluded from, "revisiting" in his PRP the evidentiary issue decided on direct review. *In re Teall*, Order at 1 (Mar. 11, 2009), Exh. 8 (docket no. 12). The Court declines to adopt the R&R's conclusion that petitioner failed to exhaust, and procedurally defaulted with regard to, Ground 7 of his habeas petition.

In contrast, as to Ground 6, the Court adopts the R&R's recommendation that the VUCSA portion of the claim be treated as properly exhausted. The Court also agrees with the R&R that petitioner procedurally defaulted the remainder of Ground 6, relating to the sexual offenses, by not seeking discretionary review of the dismissal of his PRP. The Court, however, declines to rely solely on that basis in resolving the balance of Ground 6. The issue raised therein was addressed on the merits by the Court of Appeals when it dismissed petitioner's PRP. *See id.* at 2 (describing the victim's, as well as her mother's, testimony and the corroborative physical evidence, and holding that the evidence "was clearly sufficient to establish the elements of the charged offenses"). Thus, to obtain habeas relief, petitioner must show that "upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), and that "the state court's adjudication [of petitioner's challenge to the sufficiency of the evidence] entailed an unreasonable application of the quoted *Jackson* standard," *Briceno v. Scribner*, 555 F.3d 1069, 1078 (9th Cir. 2009). The Court is persuaded that petitioner has not and cannot make such showing.

ORDER - 3

The Court reaches a similar conclusion with respect to Ground 7 of the habeas petition. With respect to the evidentiary ruling at issue, petitioner must demonstrate that the admission of Ms. Hensen's testimony was "arbitrary or so prejudicial that it rendered the trial fundamentally unfair." *See* *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995). The Court is satisfied that petitioner has not and cannot meet this standard. Moreover, the state court decisions concerning the admissibility of petitioner's prior bad acts were not "contrary to," or "an unreasonable application of, clearly established Federal law" and were not "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Finally, petitioner's contention that the admission of his prior bad acts violated the Double Jeopardy Clause runs contrary to Supreme Court precedent. *See* *Dowling v. United States*, 493 U.S. 342 (1990) (holding that neither the Double Jeopardy Clause nor the Due Process Clause barred evidence of an alleged crime as to which the defendant had previously been acquitted); *see also* *Kater v. Maloney*, 459 F.3d 56, 65 n.6 (1st Cir. 2006) ("In no sense is admission of prior bad act evidence 'punishment' within the meaning of the Double Jeopardy Clause."). For all of the foregoing reasons, the Court DENIES and DISMISSES with prejudice Grounds 6 and 7 of the habeas petition.

With respect to Grounds 1-5, the R&R recommends dismissal on the basis of procedural default. Petitioner raised these same issues, in this same sequence, using the same language, in his PRP. *See* PRP at 6, ¶¶ 1-5, Exh. 7 (docket no. 12). The Court of Appeals disposed of them in one sentence, which reads "[a]ny remaining claims in the petition are too conclusory to merit further discussion." *In re Teall*, Order at 2 (Mar. 11, 2009), Exh. 8 (docket no. 12). The procedural default identified by the R&R is premised upon petitioner's failure to seek discretionary review by the Washington Supreme Court. In his motion for appointment of counsel, petitioner indicates that he has only a fifth grade education, is illiterate, and has previously suffered a stroke. The state court docket for the underlying criminal case shows that the trial court had sufficient concerns about petitioner's competency

ORDER - 4

to order him evaluated in custody shortly after he was arraigned. *See* Exh. B to Petition (docket no. 5) (entry dated Nov. 9, 2005).

Based on the current record, the Court is not satisfied that petitioner cannot demonstrate either "cause for the procedural default and actual prejudice" or a "fundamental miscarriage of justice" sufficient to avoid the consequences of procedural default. *See Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993). Moreover, the Court cannot assess the merits of Grounds 1-5 because the relevant portions of the state court record have not been presented. Thus, the Court DEFERS ruling concerning the portions of the R&R dealing with Grounds 1-5 of the habeas petition, and in the interests of justice, pursuant to 28 U.S.C. § 2254(h) and 18 U.S.C. § 3006A(a)(2)(B), the Court GRANTS in part petitioner's motion for appointment of counsel. The Court DIRECTS the Criminal Justice Act Administrator for the Western District of Washington to appoint counsel to represent petitioner on Grounds 1-5 of his habeas petition. Such appointed counsel shall file any objections to the R&R, or any other response concerning Grounds 1-5, within sixty (60) days of the date of this Order, and shall note such objections or response for the fourth Friday after filing. Further briefing shall be governed by Local Rule CR 7(d)(3). Because counsel has been appointed for him, petitioner is directed not to file pro se any briefs, letters, or other documents, absent leave of the Court.

**Conclusion**

For the foregoing reasons, the Court hereby ORDERS:

(1) The Report and Recommendation, docket no. 13, is ADOPTED in part, MODIFIED in part, and DEFERRED in part;

(2) Grounds 6 and 7 of the habeas petition are DENIED and DISMISSED with prejudice;

(3) Petitioner's motion for appointment of counsel, docket no. 14, is GRANTED in part, and the Criminal Justice Act Administrator is DIRECTED to appoint counsel to represent petitioner on Grounds 1-5 of his habeas petition;

(4) The Report and Recommendation, docket no. 13, is RENOTED to January 15, 2010; and

(5) The Clerk is directed to send a copy of this Order to petitioner pro se, the Criminal Justice Act Administrator, counsel for respondent, and Magistrate Judge Donohue.

IT IS SO ORDERED.

DATED this 22nd day of October, 2009.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER - 6