UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ROBERT CURTIS TEALL, | | |
| Plaintiff, | | No. C09-565Z |
| v. | | |
| ELDON VAIL, | | ORDER |
| Defendant. | | |

THIS MATTER comes before the Court on objections, docket no. 23, to the Report and Recommendation ("R&R") of Magistrate Judge James P. Donohue, docket no. 13. These objections were filed by counsel appointed to represent Robert Teall on Grounds 1-5 of his petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Order at 5 (docket no. 15). Having reviewed the objections, the declarations of petitioner and counsel, and the brief of respondent, the Court enters the following Order.

With respect to Grounds 1-5, petitioner procedurally defaulted by failing to seek discretionary review by the Washington Supreme Court of the dismissal of his personal restraint petition ("PRP"). Appointed counsel concedes that petitioner is unable to present the evidence of actual innocence required to satisfy the "fundamental miscarriage of justice" standard for avoiding the consequences of procedural default. Thus, petitioner can proceed

ORDER - 1

on Grounds 1-5 of his habeas petition only if he establishes "cause for the procedural default and actual prejudice." *See* <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1052 (9th Cir. 2004).  A showing of "cause" ordinarily turns on an objective factor or impediment external to the petitioner, for example "government interference or reasonable unavailability of a claim's factual basis." <u>Id.</u> (quoting <u>Pizzuto v. Arave</u>, 280 F.3d 949, 975 (9th Cir. 2002) (citing <u>McCleskey v. Zant</u>, 499 U.S. 467, 497 (1991))).

In the pending case, petitioner's assertion of "cause" is based on (i) his educational limitations, unfamiliarity with the law, and minimal literacy; (ii) mental and physical disabilities resulting from a stroke; (iii) mental illness from which petitioner has suffered for several years and for which petitioner currently takes medication; (iv) reliance on the inadequate advice of a "jailhouse lawyer" and unavailability of that same "jailhouse lawyer" after the PRP at issue was dismissed; and (v) inability to secure an alternative "jailhouse lawyer" for fear of reprisal if other inmates discovered the nature of the crime for which petitioner was convicted.  The Court is unpersuaded that any of these reasons constitute the "cause" necessary to excuse the procedural default at issue.

Illiteracy has previously been rejected as a legitimate "cause" for failing to present claims to the state's highest court.  <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986) ("To hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would allow petitioners to wait until the jurisdictional period lapses and then proceed directly to federal court.  Such a result would be contrary to the principles of comity underlying the cause and prejudice rule.").  Likewise, mental disabilities or disorders that do not substantially affect a petitioner's capacity to appreciate his or her position and make rational choices with respect to continuing or abandoning further litigation are not sufficient "cause."  *See* <u>Sims v. Dwyer</u>, 2006 WL 2385262 (E.D. Mo.); *see also* <u>Bermudez v. Lewis</u>, 58 Fed. Appx. 268 (9th Cir. 2003); <u>Stanley v. Lockhart</u>, 941 F.2d 707 (8th Cir. 1991).  Petitioner indicates that he suffered a stroke in August 2007, as a result of which his "ability

ORDER - 2

to think clearly" has been reduced and his motor skills have diminished, and that he is "moderately depressed all of the time" despite taking medication. Petitioner, however, filed his PRP in February 2009, almost a year and a half after the stroke, and he has presented no evidence that either the stroke or his depression so affected his mental capacity as to render him incompetent to waive post-conviction remedies. Finally, the unavailability of an effective "jailhouse lawyer" does not constitute adequate "cause." *See* *Tacho v. Martinez*, 862 F.2d 1376 (9th Cir. 1988); *Hughes*, 800 F.2d at 909.

For the foregoing reasons, the Court hereby ORDERS:

(1)   The portions of the R&R previously deferred are ADOPTED;

(2)   Grounds 1-5 of the habeas petition are DENIED and DISMISSED with prejudice based on procedural default;

(3)   Petitioner's motion to bifurcate briefing on the "cause" and "prejudice" issues, docket no. 22, is STRICKEN as moot;

(4)   Pursuant to Rule 11 Governing § 2254 Cases, a certificate of appealability is DENIED; a certificate of appealability may issue only when "the applicant has made a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the Court is not satisfied that petitioner has made such showing; and

(5)   The Clerk is directed to enter judgment accordingly and to send a copy of this Order to all counsel of record and to Magistrate Judge Donohue.

IT IS SO ORDERED.

DATED this 21st day of May, 2010.

Thomas S. Zilly
United States District Judge

ORDER - 3